UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LARRY MALLARD,
*a.k.a. Shockemall Mallard*,

         Plaintiff,

-against-                9:21-cv-1080 (LEK/TWD)

STEVEN M. REDNER, *et al.*,

         Defendants.

## MEMORANDUM-DECISION AND ORDER

**I. INTRODUCTION**

  Plaintiff Larry Mallard brings this pro se action against *inter alia* Defendants Roberto Barbosa and Shawn Martin pursuant to 42 U.S.C. § 1983, alleging that Defendants Barbosa and Martin violated his Fourteenth Amendment due process rights. Dkt. No. 1 ("Complaint"). On April 12, 2024, Defendants filed a motion for summary judgment. Dkt. No. 132. Currently before the Court is a report and recommendation by the Honorable Thérèse Wiley Dancks, United States Magistrate Judge. Dkt. No. 154 ("Report and Recommendation"). In the Report and Recommendation, Judge Dancks recommended granting Defendant's motion for summary judgment, dismissing Plaintiff's Fourteenth Amendment due process claims against Defendants Barbosa and Martin, and dismissing Defendants Barbosa and Martin from this action. *Id.* at 21. Plaintiff filed objections to the Report and Recommendation. Dkt. No. 155 ("Objections").

  For the reasons that follow, the Report and Recommendation is adopted in its entirety.

**II. BACKGROUND**

  The Court assumes familiarity with the factual background detailed in the Report and Recommendation. *See generally* R. & R.

In the Report and Recommendation, Judge Dancks discussed whether Plaintiff's due process rights were violated based on two disciplinary hearings. *Id.* at 9–21. Judge Dancks noted that a due process violation requires that Plaintiff "(1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process." *Id.* at 9–10 (citing, *inter alia*, *Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004)).

Regarding the liberty interest prong, Judge Dancks found "a dispute of fact as to whether Plaintiff was subjected to atypical and significant hardship giving rise to a protected liberty interest." *Id.* at 12.

Regarding the deprivation prong, Judge Dancks found that, "[b]ecause Plaintiff's SHU confinement was credited to the penalty imposed at the Rehearing," the first hearing became a "nullity." *Id.* at 15. Since Defendant Barbosa was only involved in the first hearing, Judge Dancks concluded there was no genuine dispute of material fact with respect to Plaintiff's claim against him. *Id.* at 16. In analyzing the Rehearing, Judge Dancks found Plaintiff was denied certain witnesses because their testimony was either "duplicative or irrelevant," and Plaintiff was able to question Defendant Martin's witnesses during the Rehearing. *Id.* at 16. Judge Dancks also found "Plaintiff has not articulated what 'documentary evidence' he was allegedly denied and has failed to demonstrate he was prejudiced by any denial of documents." *Id.* at 17. Thus, Judge Dancks found that "no triable issues of fact exist as to whether Plaintiff had an opportunity to call witnesses and present documentary evidence." *Id.* at 17.

Accordingly, Judge Dancks recommended dismissal of Plaintiff's Fourteenth Amendment due process claims against Defendants Barbosa and Martin. *Id.* at 21.

**III.    LEGAL STANDARD**

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002). Review of decisions rendered by Magistrate Judges are also governed by the Local Rules. *See* N.D.N.Y. L.R. 72.1. As 28 U.S.C. § 636(b)(1) states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of [the] court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406.

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Council of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *DiPilato*, 662 F. Supp. 2d at 340 (quoting *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Id.* (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## IV. DISCUSSION

Plaintiff's sole objection is that Judge Dancks should not have dismissed Defendants Barbosa and Martin "without moving forward with Plaintiff's request for discovery." Obj. at 1. Before the Report and Recommendation was issued, but after discovery had closed, Plaintiff filed a letter requesting that he be able to "commence" and "move forward with" discovery. Dkt. No. 150. Judge Dancks denied this request because the parties had already been given "multiple extensions of deadlines" and "discovery is long closed." Dkt. No. 151 ("Text Order"). Insofar as Plaintiff is seeking the Court to reconsider the Text Order, that request is denied. Plaintiff has provided no basis for which the Court should reopen discovery.

Since Plaintiff does not provide any specific objection to the "particular findings in the magistrate's proposal," the Court reviews the Report and Recommendation for clear error. *DiPilato*, 662 F. Supp. 2d at 340. Having found none, the Court approves and adopts the Report and Recommendation in its entirety.

## V. CONCLUSION

Accordingly, it is hereby: